May it please the court, Kenneth Carpenter appears on behalf of Ms. Paula Parrott. The issue in this case concerns whether the plain language of the Aegis statute mandates a specific method for the computing cost of living increase for the hourly rate that can be charged under that statute. The Veterans Court made two errors in its interpretation of the Aegis statute. First, it incorrectly considered the cost of living computation as a factor in determining the reasonableness of the fee sought under Aegis. The computation of the cost of living to determine the fee which is charged is merely an independent calculus to determine what the ultimate hourly rate will be which will be charged under the statute. Second, the Veterans Court erred by denying that there at any cost of living increase. Such a denial was arbitrary and capricious and not in accordance with law. The question of statutory interpretation... We don't get a review whether something was arbitrary and capricious, do we? I mean, we get a review of legal question and I thought the issue here was what legal rule should the Veterans Court apply for CPI? That's correct. I'm a little confused. It seems to me that the precedent splits between mostly using local and some using national. Correct. But I couldn't understand your argument as arguing for either since you are arguing for DC, which is neither local nor national. Well, what I'm arguing for, Your Honor, is what this case presents is a question of statutory interpretation. The language used by Congress merely... Which local? Is that your question? Which local applies? No, Your Honor. I computational method is to be utilized. The courts have generally accepted that CPI is the correct methodology to use it. Within CPI, there are several variables that deal with the location of the claimant, the location of the claimant's attorney, the location of the court. In the Veterans Court, the Veterans Court has adopted the location of the veterans attorney as the criteria for that The fact is that the plain language of the statute mentions nothing about the method. The language of the statute merely says unless the court determines that an increase of cost of living exists, it does not say what that method will be. But we still have to decide what that method will be. That's what they've done. I'm not sure that this court has to determine what method it has. Are you saying the Veterans Court in some cases say national is good, in some cases say local is good, in some cases say the forum is good? No, Your Honor. I believe that the interpretation that should be adopted by this court is that the method which favors the veterans friendly interpretation of EJ doesn't seem at all have any merit to me since EJ is not a veteran statute. So what I want to know is, and you can say what you want. I mean, you're not going anywhere with me on that. What rule should the Veterans Court be applying for CPI? I mean, it's very clear that courts across the country have looked at this. It seems like the majority of them have went with local. Some have went with national. I'm not aware of any of them going with a forum or the forums located. But if there are, you can tell me about them. No. It seems there's three choices. Which one do you want us to adopt? I want you to adopt a rule that says that based upon the ambiguity of the statute and that this statute is being applied in the context of veterans' cases, that the rule that should be that whatever method is most favorable to the veteran is the rule that should be applied. So whichever whichever gets you the highest CPI, whether it's local, forum, or national. Okay. Yes. Because to me, if you get bogged down. I get your position on that. Do you have a backup position? If we don't agree with that, if we still have to tell the Veterans Court has a rule, a legal rule, I think. I mean, it seems like their legal rule is location of the attorney. Correct. Are you not asking us to, assuming we disagree with you on your main point, are you not asking us to review that? Yes, Your Honor. And to determine that that is incorrect and that there is no basis for that in the plain language of the statute. And it seems to me that under the rules of statutory construction, they can't simply adopt a rule. Well, they have to construe the statute. Yes, they do. And in so doing, we believe that they have misinterpreted the statute by selecting a specific rule that, as in this case, causes harm to an applicant. If we agree with their interpretation that it's the end of the inquiry, right, we can't look at whether what that location is or whether look at their interpretation of whether they picked the right location, whether they should have looked at all three locations of the offices or just looked at one. That's, we wouldn't look at that, right? That would be an application of law to fact or no? Honestly, I'm not sure in this case, Your Honor, simply because we are in this case, different than most cases that come before this court in the veterans context, having to deal with Chevron deference. We're dealing with a statute that is completely separate. There is no regulation. We're only looking at what this statute says. This statute speaks in ambiguous terms about cost of living. That determination seems to me to be a veteran's favorite and that no burden should be imposed by a rule of the veterans court that says that, as in this case, you get no cost of living increase or that you get a cost of living increase that is dictated by only one standard. That the standard should be the standard that is most advantageous to the applicant. This is a remedial statute created by Congress in order to compensate the claimant for having to bring the action that they brought. But it's the same statute that applies to parties other than veterans, correct? That's correct, Your Honor. And your view is that it should be interpreted differently for veterans because of the proclaimant nature of the veterans system? Yes, because, number one, Congress added on this court by specific amendment to the statute to add this court so Congress can be imputed to have known that this was going to be applied in the context of veterans cases and that veterans cases are unique and special and that in those cases... Does the pro-veterans canon only apply to cases at the veterans court? I thought the Supreme Court pro-veterans canon applied any time I was a veteran. Any time that there is a statute in which the interest of a veteran or a beneficiary of a veteran statute is at equal anywhere where there's a veteran-specific statute. For instance, at the MSPB, we have all these cases where federal employees who are returning soldiers and the like gain some kind of preferential retirement rates or veterans preference. Is it your view that whether or not you get enhanced EJER fees, I'll call it, is the Congress intended to give veterans more EJER fees than other federal employees at the MSPB? I mean, that's the logic of your argument, I think, that if we're talking about... Well, that may well be true, Your Honor, but I'm not sure that that is pertinent to think about the scope of what your position is. And your position is, if it's a case involving any kind of veterans' rights or affecting veterans, EJER should apply differently than to the rest of the people suing the government. I can't see any indication when Congress enacted EJER that they thought that was the case. And I'm suggesting that the indication is when they added the Veterans Court to the EJER statute. There was a question that arose... But there's no way to cabin the practice at the Veterans Court to your interpretation of EJER. Except, Your Honor, that the EJER statute was deemed by Congress to be Now, clearly, in my view, this court could limit any decision to just those parameters. I appreciate what you're saying, that certainly the implication could be that if you say, in your opinion, that veterans get that additional benefit, it could be applicable in other circumstances. I'm going to ask you, because I don't think I understood your answer. Let's assume we disagree with you on this point. And we adopt the Veterans Court's interpretation that it will use local CPR, and that's the correct legal rule. What else is there for us to do in this case within our jurisdiction? I think within this court's jurisdiction, this court must decide whether or not the, what I would call, sanction imposed by the Veterans Court in disallowing any was consistent with that interpretation because the veteran, when she submitted her application, showed what that cost of living would have been for the local location of Veterans Council. Now, they did so in three different circumstances because in this particular law firm, there were three different locations that participated. And therefore, I think this court does have jurisdiction to address what amounts to a sanction because the court read into the statute that it was the burden of the appellant, for EJIA, to demonstrate which of those applied. That's not what the statute says. And what the court did was to retaliate against Mrs. Perritt and deny any cost of living increase and only awarded the 125. One question, Mr. Carter. The government came in below and urged the Dallas-Fort Worth figure. And the Court of Veterans Appeals came back and said, no, it's Dallas-Fort Worth, Little Rock, and San Francisco because of the location of the offices. Between those two, the position urged by the government and what the court did, do we have jurisdiction to decide which of those was the correct approach? I believe you do, Your Honor, because of the ambiguity of the language of the statute. And that's why... I mean, they're local. In one instance, one locality. In the other instance, three localities because the attorney happens to have three offices. So, are we really in an application of law to fact? I don't think so, Your Honor, because it deals with what is the rule. I believe, as Judge Hughes correctly pointed out, this is all about what's the rule. Right. But the problem for you there is in it that, I mean, you have some of the better argument because the court just refused to decide. But if you had urged Dallas, the government had urged Little Rock, and the court had said, Little Rock instead of Dallas, we don't get to review that, do we? Absolutely not. So, what's the difference between no CPI and local CPI? It goes back to what does the statute mandate? And the statute either mandates a specific method or it doesn't. And if it doesn't and there's ambiguity, then this court must resolve that ambiguity. I urge that you resolve it under the canon for veterans, but you can also resolve it under the canon that deals with remedial statutes. Have I answered your question?  Thank you very much, Your Honor. Good morning, and may it please the court. My name is Albert Iarossi. I'm here on behalf of the Secretary of the Department of Veterans Affairs. This court should affirm the ruling from the Court of Appeals for Veterans Claims. I mean, given that the government agreed, I think, below that the Dallas or CPI was the one that should have been used, why shouldn't we remand it to at least give them that? Well, Your Honor, there's a couple of reasons. First, I think that embedded in your question is, is there a standard of review of the veterans court determination to only limit the fee to the statutory maximum? I think in that case, the standard review would be an abuse of discretion. In this particular case, the court would not be justified in remanding it for a few different reasons. Wait, wait. I don't understand that at all. Are you suggesting that we can review veterans court decisions for abuse of discretion? Well, I think that the answer to that question is tied into the question of whether EJIA is a veterans benefit statute. And to the extent that it applies to everyone, it's not a particular veterans benefit. I think that the application of law to the fact for the EJIA portion of this case could be reviewed by this court. If the court were to conclude that EJIA… Really? I'm sorry. I don't mean to put you on the spot, but is this a fully vetted position coming from the government? Which position? I'm a little bit surprised to hear you think we can review veterans court decisions on EJIA matters for abuse of discretion. What I'm saying is that if the court were to conclude that is a universally applicable statute in a way that conflicts with what the appellant here is urging. The appellant is urging that this is really a veterans benefit statute and that they are entitled to a broad construction based upon the fact that the statute benefits veterans in some way. If the court were to disagree with that and conclude that it applies to everyone, then I think that depends on… If the veterans court were, for instance… I'm not trying to fight the hypothetical, but were to decide that the number of hours required or reasonably required in order to handle a particular veterans case was inappropriate based on its expertise with veterans cases. Then that sort of decision about the number of hours reasonably required would not be reviewed by this court. The CPI methodology calculation, which is not veterans specific, and if that statute applies to every plaintiff as the government has argued in our brief, then that particular… If somebody has adopted a forum rule, that's a legal interpretation of the statute. I get that. And we don't read that for abuse of discretion. We read that to know. Correct. I'm not arguing that you should. I'm sorry. Are you saying that when we look at… Assuming that we agree with the court below, let's just assume for a minute that we agree with the rule and methodology for EJ that it should be local. We agree with that, with what the decision below was. Are you saying we review that for an abuse of discretion? No. If I said that, I misspoke. What I was trying to say was that if this court needs to review whether it was proper for the veterans court to award merely $125 in terms of fees instead of increasing it based on cost of living… Or allowing an opportunity to submit the right information once the applicable rule was known. So the Supreme Court in Blum v. Stenson has said that the burden is… And this court as well, by the way, has said that the burden is on an EJ applicant to provide sufficient information to show that an increase in the cost of living justifies an increase in a fee award. And in the court below, what happened was there was a long line… Well, certainly a long timeline of veterans court cases. That said, starting with Menino in 1999, in order to calculate an appropriate cost of living, an EJ applicant must use the local CPI. That was first articulated by Chief Judge Hagel in 1999 in the Menino case. It was also reiterated in Bartledge by the veterans court in 2005. So going into the – when Ms. Parrott's attorney submitted her fee application in the court below… Is it your position that she should have known what the rule was, so she should have initially provided the right information? Well, certainly that's part of it. The rule had been articulated, so she was certainly on notice that the rule in the court of veterans claims was you must use the local CPI in calculating the cost of living increase. And so she had an opportunity at the very outset to perform the method the proper way. Upon briefing, the VA pointed out that the calculation using this D.C. or national or however you want to qualify, I guess it's Washington, D.C. was inappropriate and did not prove that a cost of living increase had justified an increase in the reasonable attorney's fee hourly calculation. At that point, the EJ applicant could have also submitted a request to amend their application. They could have provided the information to the court in its reply brief. It didn't either. Ms. Parrott simply maintained her stance that what she did was appropriate and she should be entitled to the fee increase based on the methodology she chose. So it was certainly in some sense at her peril given the long history for 17 years of how EJ application fees should be calculated. She had multiple opportunities to provide the information to the court so that the court could make such a determination. As the Veterans Court noted below, it doesn't have to take on the role of a green-eye shaded auditor and perform those calculations itself. Mr. Arasi, let me ask you a question. Have you finished answering Judge Stoll's question? Certainly, Your Honor. Okay. Let me ask you this question. Are you saying, I mean, what happened here is government came in with the Dallas-Fort Worth figure. The court said no, we're going with the three locations. And then it said, however, since no information was provided with respect to the three locations, you're stuck with the 125. Are you saying that in this case we don't have to decide the issue of whether the national approach or the formal approach is correct? Because the court, although it said in reaching its ultimate judgment that the local approach is the correct approach. I'm sorry, the local is the approach to the national. It said the local approach is correct. It chose one of two possible local approaches, but then didn't really use either. It just went with the 125. I mean, I think that… In other words, do we – given the way the case ended up, do we still have to decide, in your view, whether the local approach or the national approach is correct? I think if the court were to conclude that the – certainly that the national approach was the proper way and was mandated by the plain language of the statute, if the court were to conclude that, then it would obviously sort of require a remand to the Veterans Court. So the question of whether… It doesn't seem like that's what your opponent is. Your friend is arguing, though, is it? Ms. Parrott's argument sort of highlights the lack of a reasonable nexus or foundation that her methodology would really call for because she's not actually asking for a local CPI or a national CPI reform rate, as your Honor noted. Well, no. She's arguing – I mean it's a stretch, I think, but her argument is very consistent. She's saying veterans should get whatever the highest rate is, whether it's local, national, or foreign. Well, the problem with that is that it's not really a pro-claimant rule that she's advocating. It's a pro-lawyer rule, and there's two reasons I say that. One… Sure, but that's a legal argument. We've got to address his argument and say whether we think that's right or not. But I think what my colleague is getting at, once we address that legal argument, is there any reason for us to wade into the local or national CPI debate since it's not really at issue in this case? I don't think the court is required to wade into it. I certainly think that in the context of how it could be applied to both the Court of Federal Claims and the Veterans Court, clarity may be helpful, but I don't think it's required by the court to wade in on that. I think that when it comes to how the court acted below, I mentioned a moment ago that Ms. Parrott's position is really pro-lawyer versus pro-claimant. In this particular case, even Ms. Parrott's counsel admitted that the approach that the Veterans Court ruled upon and adopted below would actually have increased the fees that Ms. Parrott's attorney would have received had she actually or had he actually provided those calculations. In Ms. Parrott's reply below in the Court of Veterans Claims, I think it's J6869, she pointed out that had she used the San Francisco CPI to increase the rates for the work performed in that location, the amount of fees that they would have received would have been higher than simply the DC CPI that she actually used in her application. I think that that only underscores the reasonableness of the Veterans Court's adoption of the local CPI where the work of the attorney was actually performed. But that's not what she ended up with. It is not what she ended up with because she chose to ignore the rule that the Veterans Court set forth in Menino and re-articulate in Bartledge and because she also refused... So is it necessary for us to look at whether the Veterans Court correctly went with the local CPI? I don't think it's necessary for the court to do so. The court could simply conclude that the Veterans Court's decision selecting any particular CPI was appropriate. Certainly if the court were to find that the statute was ambiguous or called for a particular national CPI versus a local CPI, I think that would be a different situation. But in the context of Judge Shaw's questions, I don't think that the court would have to find... In this case? Yes, Your Honor. If there's nothing further... Mr. Corbin, I'll give you two minutes since we ask you a lot of questions. Thank you, Your Honor. I'd like to bring the court's attention back to what I believe is the central issue here, and that's the interpretation of this statute. And that while I appreciate the fact that this court has to review what the lower court did, what the lower court did clearly relied upon an interpretation of this statute. Now this statute, in Ms. Parrott's view, does not dictate, does not mandate, does not direct, or even suggest how the computation should be made. And in fact, the court has adopted a rule that there is a one rule that fits all situations. That rule is inconsistent with the plain language of the statute. The statute says cost of living. Why would it be the cost of living where the court is when the attorney is only there for a day or two? Because that's where the litigation is. This is a national court, Your Honor. But these are attorney fees that relate to... And the work done by an attorney in Washington, D.C., versus Boston, versus Topeka, Kansas, is no different than the work performed in any other... But their cost of living in Topeka, Kansas, versus Boston, versus D.C., might be different. And that's the point. That's correct, Your Honor. And the question is, what does this statute say in terms of how that cost of living is to be computed? I don't disagree that there is the differential. I'm asking this court to focus on what the statute says. If the statute gives no direction, is it reasonable for the court to adopt the rule? There's no direction from the words cost of living associated with something that's attorney fees. Oh, you're just left with not knowing where to turn to figure out where the cost of living is that the statute's referring to. No, Your Honor. Clearly, the courts nationally have adopted the CPI index as the proper methodology. The problem therein is there are different methodologies within that that are based upon a calculus that is determined upon where you start. And where you start is what's not dictated by the statute. And in this context, we're talking about a veteran or a veteran survivor who has been forced to go to court to correct a mistake, a mistake that was not only wrong, but was not substantially justified. Now we're talking about quite literally what amounts to less than $10 an hour worth of differential. And so it just seems to me, Your Honor, that if there was ever a circumstance that a remedial statute was going to be interpreted in favor of the applicant, whether you adopt that this is special to the veteran or not, it should be adopted in favor of the person that was forced to go to court. The differential just simply is not that much. And the overall, the overarching intent of Congress was to adequately compensate. And quite candidly, the hourly rate, whether $10 less or $10 more, is not adequate to compensate. Thank you, Mr. Court. Thank you, Your Honor.